Should the lessor not appear when cited, by the lessee, the right of possession alone can be tried.

The absence of an attorney without good cause shewn for it, is not a groundof continuance.

There must be 20 names in the box before the clerk can proceed to draw a jury.

## BAYOUJON'S HEIRS vs. CRISWELL.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This is a petitiory action. The defendant answered the original petition. by denying the facts alleged in it, and averring that he, and those under whom he held, had enjoyed peaceable and uninterrupted possession of the premises for five years. He further pleaded that he was in possession as tenant of John J. Bowie, who held under Daniel W. Cox, who was the legal owner of the same, and he prayed that the latter might be cited to defend his title.

Cox appeared and pleaded that he had a better title for the land in dispute than the plaintiffs, and that he would produce it when required.

The plaintiffs afterwards filed an amended petition, to which the defendant answered by averring that he held underBowie, and prayed that he might be cited.

At a subsequent term the defendant put in exceptions to the amended petition, which the court disregarded, and in our opinion cor-

rectly, as the defendant was too late in offer-
ing them after he had disclaimed title and
called in his lessor in warranty.

Neither the p rty cited in warranty by
the defendant in his answer to the original
or amended petition having pleaded to that
amendment, the cause must of course be con-
sidered as tried between the lessee and the
plaintiffs. See the case of *Kling* vs. *Fish*,
*vol* 4, *n. s.* 391.

By our law, after the lessee has disclaimed
title, and called in his lessors, nothing can be
tried between him and the plaintiff but the
possessory right. *Par.* 3. *tit.* 2, *law* 29.
*Civil code* 375, *art.* 25. *Vol.* 4, 395, *Kling*
vs. *Fish.*

When the cause was called up for trial, the
defendant moved for a continuance for want
of material testimony, which, he stated, was
in the hands of one of his counsel, who had
failed to attend from some cause unknown to
the defendant. The judge refused to grant
it, and the propriety of this refusal is brought
before us by a bill of exceptions.

We think the judge did not err. Parties
are bound by the act of their attorneys, and
unless it appears they were prevented from

West'n Dis'et
October, 1826.

BAYOUJON'S
HE US
US
CRISWELL.

attending court by some event beyond their controul, their absence cannot be considered as a good ground for a continuance. In this case the defendant had disclaimed title, and the only matter at issue was the right of possession.

When the jury were about to be empannelled, the defendant objected to the tickets, containing the names of the jury, being drawn out of the box before it was ascertained that there were twenty in attendance. We think this objection well taken, and that the judge erred in overruling it. The code of practice requires that before a cause is tried by a jury the original venire should be called over, and if twenty of them be present, that then the clerk shall proceed to draw twelve out of the box to decide the case. According to a statement in the bill of exceptions, there were only five in attendance. This was not enough, that fact should have been ascertained before the drawing commenced, and the number of twenty should then have been made up by talesmen, and the whole of their names be put in the box before the drawing commenced. The provisions in the code of practice are not clear, but this is the way we under-

stand them. *Code Prac.* 496, 497, 513.

West'n Dis'ct
October. 1826

BAYOUDO's
HEIRS
*vs*
CRISWELL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, that the cause be remanded for a new trial, and that the appellee pay the costs of this appeal.

*Scott & Boyce* for the plaintiffs, *Thomas* for the defendant.